DARE and Another *v.* SPENCER and Another.

If a person undertake to make a steam-engine for two partners to be of certain dimensions and of the best quality, and one of the employers afterwards cause the patterns, about to be used for the castings for the engine, to be altered; and the castings be made according to the altered patterns; the undertaker will not be responsible for the sufficiency of the engine.

ERROR to the *Tippecanoe* Circuit Court.

SULLIVAN, J.—The plaintiffs brought an action of debt against the defendants on a promissory note. Pleas, 1. *Nil debent;* 2. Failure of consideration. After the plaintiffs closed their testimony, the defendants proved that the note sued on was given in part consideration of a steam-engine to be constructed by the plaintiffs for the defendants. The engine was to be of certain dimensions, and when finished was to be of the "best quality." It was also proved, that when the plaintiffs commenced constructing the engine, one of the defendants went to the shop of the plaintiffs and proposed to alter the patterns about to be used, saying that he was acquainted with such machinery, and that he wanted the engine made to suit himself; that the patterns were thereupon altered to suit the wishes of defendant, and the castings were made according to the patterns so altered by him, he being present almost the whole time, and superintending the work. It was further proved that the engine was not good, in consequence of a defect in the patterns, but no defect in the *material* was shown or alleged. When the testimony was closed, the Court instructed the jury that the change of the patterns by the defendants should have no bearing in the case, that the plaintiffs were bound to make an engine according to the original contract, notwithstanding the direction of the defendants to the contrary. To that instruction the plaintiffs excepted. Judgment for the defendants.

The plan on which the engine was agreed to be constructed was liable to be altered at any time by consent of the parties, just as any other contract may, at any time before forfeiture, be changed by the contracting parties. The plaintiffs were ready to perform the original contract in good faith, and would, it may be, have so performed it, had

May Term, 1841.

JONES
v.
THE STATE.

not the defendants desired a change. To disallow the act of the defendants would, under the circumstances, be a fraud upon the plaintiffs. The defendants .were partners, and the act of one of them in changing the contract was the act of both. .According to the original contract, the plaintiffs were bound to construct an engine for the defendants that would be useful and answer the purpose intended, but by changing the patterns, and causing the engine to be constructed upon a plan of their own, the workmen's skill was superseded by the judgment of their employers. In such a case the workman is not responsible. *Duncan* v. *Blundell*, 3 Stark. R. 6. The instruction of the Court, therefore, was erroneous. .

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. S. White* and *R. A. Lockwood*, for the plaintiffs.

*J. Pettit*, for the defendants.